FILED

# UNITED STATES DISTRICT COURT
2009 DEC 17  AM 9:34
## MIDDLE DISTRICT OF FLORIDA – Ft. Myers Division
U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS, FLORIDA

| | |
|---|---|
| Chris A. Marsh, an individual, ) | |
| Daniel R. Marsh, and individual, ) | |
| ) | Civil Case No.: |
| Plaintiffs, ) | |
| ) | COMPLAINT FOR RESCISSION, |
| -vs- ) | MONEY DAMAGES, RESPA |
| ) | CLAIM, AND JURY TRIAL |
| BAC Home Loans Servicing, LP, ) | |
| a Texas Corp. and subsidiary of ) | |
| Bank of America, N.A., ) | 2:09-cv-813-FtM-29DNF |
| Mortgage Electronic Registration Systems, ) | |
| Inc., a Delaware Corp. ) | |
| Draper and Kramer Mortgage Corp, a ) | |
| Delaware Corp. ) | |
| John Does 1 – 10 ) | |
| ) | |
| Defendants ) | |

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE

## I. Preliminary Statement

1.     The gravamen of the instant matter is a failure to provide each Plaintiff with

mandatory "material" disclosures as required by the federal Truth in Lending Act,

15 U.S.C. §§ 1601 *et seq.* ("TILA"), and its implementing regulations at 12 C.F.R. §

226 *et seq.* (Reg. Z).  Accordingly, this claim is filed against BAC Home Loans

Servicing, LP a subsidiary of Bank of America, N.A., Mortgage Electronic

Registration Systems, Inc., Draper and Kramer Mortgage Corp., and John Does 1

– 10 to:

a. Hereby give effective notice to rescind without further notice,

b. Enforce Plaintiffs' substantive rights of rescission in a consumer credit transaction,

c. Void Defendants' mortgage security instrument in Plaintiffs' home,

d. Recover all fees, charges, and costs paid in a consumer credit transaction pursuant to violations of TILA; Reg. Z,

e. Recover statutory violations of the Real Estate Settlement Procedures Act, ("RESPA"), and the requirements imposed by Congress in 1990; the Cranston-Gonzalez National Affordable Housing Act, Pub. L. No. 101-626, 104 Stat. 4079 (1999) (codified at 12 U.S.C. § 2605); and to

f. Obtain a reasonable attorney fee.

2.      Indeed, a rescission action may be brought against an assignee, regardless of whether the assignee is a "creditor" or whether the violation was apparent on the face of the disclosure statement under 15 U.S.C. § 1641(c).

## II. Parties

3.      Plaintiffs Chris A Marsh and Daniel R. Marsh ("Plaintiffs") are both a *consumer* and a *natural person* as that term is defined under 15 U.S.C. § 1602(h).  Plaintiffs have substantive rights domiciled here in Florida, the owners of the *principal dwelling* known as 429 N W 5th Terrace, Cape Coral, Florida 33993, (the "Property"), and at all times relevant and material hereto, reside on the Property as their home.

4.      Defendant Draper and Kramer Mortgage Corp. ("Draper and Kramer") is Delaware Corporation with its principle office in Illinois and doing business in Florida as an originator of mortgage loans.   Draper and Kramer is a creditor as

2

that term is defined under 15 U.S.C. § 1602(f); Reg. Z § 226.2(a)(17), and at all times relevant hereto is regularly engaged in the business of extending consumer credit for which a finance charge is or may be imposed and is payable in more than four installment by written agreement. This Defendant may be served with service of process by serving the Officer in Charge c/o Draper and Kramer Mortgage Corp., Paul Lueken, President, 701 East 22nd Street, Suite # 125, Lombard, Illinois 60148 and by serving its statutory agent CT Corporation System, c/o Draper and Kramer Mortgage Corp., 1200 South Pine Island Road, Plantation, Florida 33324

5.      BAC Home Loans Servicing, LP ("BAC") a Texas Corporation and subsidiary of Bank of America, N.A. maintains a principle office in California. This entity collecting mortgage loan payments was formerly known as Countrywide Home Loans, Inc. and is doing business in Florida. BAC claims a pecuniary interest or has been assigned an ownership interest by virtue of its representations to Plaintiffs, collects monthly payments, and is joined and needed for just adjudication. This Defendant may be served with process by serving the parent and Officer in Charge c/o Bank of America, N.A., Kenneth D. Lewis, CEO, 100 North Tryon Street, Charlotte, North Carolina 28255, and by serving its statutory agent CT Corporation System, c/o Bank of America Corp., 1200 South Pine Island Road, Plantation, Florida 33324

6.    Defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a
      Delaware Corp. and a subsidiary of MERSCORP, Inc.  MERS is an electronic
      registry and clearinghouse established to track ownership or changes thereof,
      servicing rights in mortgages, corporate names and mergers.  Due to the inherent
      cost of public registry associated with numerous and multiple transfers of loan
      pools and their changes of ownership interest in the secondary mortgage market,
      MERS eliminates this expense contrary to public policy and state regulatory
      conveyance devices established in conventional lending practices.  This entity is an
      assignee by virtue of its disclosed status as a "Nominee for Lender, its Successors
      or Assigns" on the mortgage security instrument, and is needed for just
      adjudication.  MERS may be served with service of process by serving the Officer
      in Charge at its principal office c/o MERSCORP, Inc., R. K. Arnold, President,
      CEO, 1818 Library Street, Suite 300, Reston, Virginia 20190, and by serving its
      statutory agent Electronic Data Systems, LLC, c/o Mortgage Electronic
      Registration Systems, Inc., 3300 SW 34th Ave., Suite 101, Ocala, Florida 34474.
7.    John Does 1 – 10 are involved in the instant case and transaction but are
      currently unknown to Plaintiffs.  Said entities will be joined upon further discovery
      of their true nature and liability once these facts are known and supported by
      competent evidence.

4

### III.  Jurisdiction/Venue

8.    This Court has Jurisdiction in this proceeding pursuant to 28 U.S.C. § 1331,

pursuant to 15 U.S.C. § 1640(e) for TILA claims, pursuant to 12 U.S.C. § 2614 for

RESPA claims, under Article 3 of the United States Constitution.  The Court has

authority to issue a declaratory judgment by virtue of 28 U.S.C. § 2201.

9.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 generally whereby

the real property and a substantial part of the events and claims, the subject of this

suit, are situated here, communications notifying Plaintiffs of foreclosing their

Property rights under the voided security instrument conveyed and enforced by

Defendants are in this district.

### IV.  Conditions Precedent

10.   All conditions precedent have been performed or have occurred and TILA;

Reg. Z rescission violations may now be asserted affirmatively.  In addition

thereto, disclosure violations under 15 U.S.C. §1638 *et seq.* may be asserted

defensively as a matter of recoupment or set-off pursuant to 15 U.S.C. §1640(e)

due to the alleged default or when Defendants are attempting to *enforce contractual*

*obligations.*

11.   The mere loss of a statutory right to disclosure is an injury that gives the

Plaintiffs standing for Article III purposes.  Accordingly, Plaintiffs have standing

as of the date of the consumer credit contract, where the credit contract is a

federally related mortgage transaction governed by TILA; Reg. Z.

## V. Statement of Facts

12.   On or about July 26, 2007 Plaintiffs closed upon an application of debt

consolidation and refinanced mortgage loans covering real property then and now

the primary principal dwelling and home of the Plaintiffs (the "Closing").

13.   At the purported Closing, Plaintiffs entered into a federally related mortgage

loan transaction at the root of this case (the "Transaction") with Draper and

Kramer  and was provided with copies of the following documents material to this

case incorporated fully herein by reference as Exhibit 1:

     a.    A Note,

     b.    A Mortgage security instrument,

     c.    An Occupancy Affidavit,

     d.    A single signed Final Federal Truth in Lending Disclosure Statement, and Itemization of Amount Financed,

     e.    Two total signed copies of Notice of Right to Cancel,

     f.    A HUD – 1 Settlement Statement,

     g.    A First Payment Information Letter

     h.    A copy of a Uniform Residential Loan Application with a HUD/VA Addendum.

14.   The Plaintiffs have retained all documents from the Closing in a secure location

in their home and will give under oath testimony of this fact if called upon.

15.   The Transaction required Plaintiffs to pay money arising out of a transaction in

6

which money, property, or goods and services were the subject thereof and the same were primarily for personal, family and household purposes.

16.     The Transaction and all relevant documents were described to Plaintiffs at the Closing as a *Consumer Credit* Transaction subject to a finance charge.

17.     Plaintiffs alleged the Transaction is in fact a *Closed-end Credit* Transaction as that term is defined in Reg. Z § 226.2(10) where a *security interest* was retained in favor of MERS, see Exhibit 1, "(solely as a nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as beneficiary."

18.     The Mortgage security instrument, Exhibit 1, was not created to finance the acquisition or initial construction of Plaintiffs' home.

19.     Plaintiffs contend the Transaction is subject to all content disclosure requirements that are set forth in 15 U.S.C. § 1635(a), and 15 U.S.C. § 1638; Reg. Z §§ 226.17 – 226.23.

20.     Subsequent to the Closing, the Transaction was assigned an ownership interest to BAC.

21.     The documents specifically identified as Plaintiffs' Exhibit 1 all failed in one or more "material" respects to disclose to the Plaintiffs in a form and manner required by applicable statute and regulation, the true nature and cost of this Transaction.

22.     Specifically, the single Final Federal Truth in Lending Disclosure Statement and

two total copies Notice of Right to Cancel referenced above is exactly comprised of the disclosure provided to Plaintiffs at the Closing in a form Plaintiffs may retain.

23.  The two total copies of Notice of Right to Cancel have a signed receipt that each Plaintiff individually was provided 2 copies of this Notice of Right to Cancel.

24.  Plaintiffs contend the individual acknowledgement of receipt of the 2 copies of Notice of Right to Cancel is patently false. Plaintiffs only received two total copies of the Notice of Right to Cancel in a form they may keep and one single copy of a TILA Disclosure Statement.

25.  It is the contention of Plaintiffs that Draper and Kramer ratified this Transaction with ineffective disclosure of mandatory TILA Disclosure Statements and Notices of Right to Cancel.

26.  Draper and Kramer, MERS, and all subsequent assignees, including BAC, knew or should have known that they were not in possession of documents sufficient to sustain that Plaintiffs were provided with the effective number of copies of a TILA Disclosure Statement and Notice of Right to Cancel.

27.  Plaintiffs have an unconditional right to rescind the Transaction until the third business day after receiving both the proper Notice of Right to Cancel and delivery of all *material* disclosures correctly made in a form the Plaintiffs may keep pursuant to 15 U.S.C. § 1635(a) and 15 U.S.C. § 1602(u); Reg. Z § 226.23(a).

8

28.   Accordingly, the foregoing *material* failure to deliver sufficient number and
effective notice of a TILA Disclosure Statement and Notice of Right to Cancel
statutorily extends the unconditional three-day right to three-years (3) under 15
U.S.C. § 1635(f).

29.   On or about September 1, 2009, Plaintiffs sent a valid Rescission Notice and
qualified written request ("QWR") as that term is defined under 12 U.S.C. §
2605(e)(1)(B) to BAC, copy attached hereto and incorporated fully herein as
Exhibit 2.

30.   The QWR provides sufficient detail to any Servicer regarding specific
information sought by the Plaintiffs, provides a valid Notice to Rescind the
Transaction, surrenders the value of the Property, and requests a full accounting
under the purported collateral instruments so that Plaintiffs may tender.

31.   BAC responded to Plaintiffs' valid Rescission Notice and QWR with
enclosures, and their response states that "Your loan remains in full force and
effect..."copy attached hereto and incorporated fully herein as Exhibit 3

32.   The enclosures provided by BAC is exactly the same number of *material*
disclosure copies disclosed to Plaintiffs at the Closing as itemized above, a single
Final Federal Truth in Lending Disclosure Statement and two total copies Notice
of Right to Cancel.

33.   The response provided by BAC to Plaintiffs' valid Rescission Notice and QWR

intentionally fails to disclose the true owner of this Transaction, intentionally continues to impose Finance Charges, intentionally refuses to cease and desist collection, and intentionally refuses to seek judicial guidance as to the rights and obligations of the parties.

34.     Since receipt of Plaintiffs valid Rescission Notice, BAC also forwarded monthly statements which reports derogatory credit information, intentionally refuses to honor a valid rescission, intentionally imposes finance charges and other charges, and intentionally refuses cease and desist under RESPA, copies attached hereto and incorporated fully herein as Exhibit 4.

35.     As of this date, BAC has utterly failed to honor Plaintiffs valid Rescission or seek judicial guidance as to the *Effects of Rescission* under Reg. Z § 226.23 (d) to include the rights and obligations of the parties.

36.     BAC is now in the process of pursuing a wrongful foreclosure and potential sale of Plaintiffs' Property, including the unlawful imposition of Finance Charges despite having actual knowledge of Plaintiffs' valid rescission of the Transaction.

37.     A controversy has arisen due to BAC's failure to either correctly provide *material* disclosures, or provide an accounting balance so that Plaintiffs may tender and extinguish the Transaction by operation of law.

38.     As of this date, BAC has been made aware of the TILA; Reg. Z violations and their duty to comply with the requirements set forth by the RESPA.

39.     The foregoing acts and *material* omissions of these Defendants were undertaken
willfully, persistently, intentionally, knowingly, and/or in gross or reckless
disregard of the Plaintiffs' substantive disclosure rights.

## VI.     Claims for Relief

### Count 1 – TILA; Reg. Z Rescission Claim Against BAC

40.     Plaintiffs incorporate each paragraph set forth above as if fully stated herein.

41.     A rescission action may be brought against an assignee, regardless of whether
the assignee is a "creditor" or whether the violation was apparent on the face of
the disclosure statement under 15 U.S.C. § 1641(c).

42.     As a result of Draper and Kramer's failure to provide 'clear and conspicuous'
effective rescission notices and *material* disclosures, as described above, Plaintiffs
are entitled and have exercised their right of rescission of the Transaction.

43.     Rescission of this Transaction extinguishes any liability Plaintiffs have to BAC
for finance or other charges arising from the Transaction.

44.     BAC had twenty-days (20) to refund or credit the alleged account all monies
paid and to void the security interest, or seek judicial guidance as required by
federal law under 15 U.S.C. § 1635(b); Reg. Z § 226.23(d)(2).

45.     BAC's performance is a condition precedent to Plaintiffs' duty to tender and
their failure to lawfully respond within twenty-days gives rise to statutory and
actual damages under 15 U.S.C. § 1640.

46.    BAC's failure to credit this account and invalidate the security instrument while

imposing finance charges and fees is wrongful, improper, and a serious breach of

fiduciary duty associated with their obligations.  Such acts violate TILA; Reg. Z,

and are contrary to the explicit statutory requirements and contract between the

parties.

47.    By failing to credit this account as required under Reg. Z § 226.23(d)(1) – (4),

Plaintiffs  have been damaged and are entitled to a recover statutory and actual

damages under 15 U.S.C. § 1640(e), and a reasonable attorney fee.

48.    Accordingly, the Housing and Economic Recovery Act (the "Housing Bill")

became effective July 30, 2008, and increased the civil penalties available in

individual actions for Truth in Lending violations to an amount not less than $400

and not greater than $4,000 under 15 U.S.C. § 1640(a)(2)(A)(iii).

### Count 2 – TILA; Reg. Z Claims in Recoupment Against Defendants

49.    The original payee of the Note and all subsequent beneficiaries of all

documents at a purported Closing with Defendants acted in contravention of

TILA; Reg. Z in the following particulars, each and all may be asserted defensively

as a matter of recoupment by Plaintiffs as a result.

50.    The single TILA Disclosure Statement, two total copies of Notice of Right to

Cancel, including all disclosure documents issued and requested by Plaintiffs in

conjunction with this consumer credit transaction violated the requirements of

TILA; Reg. Z in the following other respects

   a.  By failing to provide all required disclosures prior to consummation of the

   transaction in violation of 15 U.S.C. § 1638(b) and Reg. Z § 226.17(b),

   b.  By failing to make required rescission disclosures 'clearly and conspicuously'

   in writing in violation of 15 U.S.C. § 1632(a) and Reg. Z § 226.17(a)(1),

   c.  By failing to provide and accurately disclose *material* disclosures in violation

   of 15 U.S.C. § 1632(u); Reg. Z § 226.23(a)(3) n.48,

   d.  By failing to provide and disclose sufficient number of Notice of Right to

   Cancel required under 15 U.S.C. § 1635(a)Reg. Z § 226.23(b).

51.    Plaintiffs are entitled to a recoupment of statutory and actual recoveries under

15 U.S.C. § 1640(e), and a reasonable attorney fee.

### Count 3 – RESPA Claims Against BAC

52.    Plaintiffs incorporate each paragraph set forth above as if fully stated herein.

53.    Plaintiffs' RESPA claims, including BAC's continuing failure to provide

mandatory *material* disclosures, are so closely related to the Transaction, that they form

the same basis and subject of claims set forth herein.

54.    BAC violated RESPA, 12 U.S.C. § 2605(e)(2)(A), by failing to make appropriate

corrections to the Plaintiffs' account in response to the QWR and valid Rescission

Notice, including the crediting of any late charges or penalties, and failing to transmit written notice of such corrections to Plaintiffs.

55.    BAC violated RESPA, 12 U.S.C. § 2605(e)(2) by refusing to cease its collection efforts after receiving the Plaintiffs' QWR and valid rescission notice.

56.    BAC violated RESPA, 12 U.S.C. § 2605(e)(2)(C) by failing to provide the Plaintiffs with the information and documentation requested, or an explanation why the information sought was unavailable, no later than 60 days after receipt of the Plaintiffs' QWR.

57.    Upon information and belief, BAC violated RESPA, 12 U.S.C. § 2605(e)(3), by providing information to consumer reporting agencies regarding overdue payments allegedly owed by the Plaintiffs that are materially related to their QWR, see Exhibit 4.

58.    BAC has engaged in a pattern or practice of non-compliance with the requirements of the mortgage servicer provisions of RESPA under 12 U.S.C. § 2605.

## VII.   Jury Trial Demand

59.    Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and hereby demands, a trial by jury.

## VIII.   Prayer for Relief

WHEREFORE, as a result of the violations of TILA and Reg. Z, pursuant to 15 U.S.C. §§ 1635(a), 1640(a), and 1641(c), Plaintiff prays for judgment against Defendants as follows:

1. Rescission of this Transaction,

2. Termination of any security interest in Plaintiffs' Property created under the Transaction,

3. Return of any money or property given by the Plaintiff to anyone, including the Defendant, in connection with this transaction,

4. Statutory recoupment damages of no less than $2,000 for the disclosure violations,

5. Statutory damages of no less than $4,000 for BAC's failure to respond properly to Plaintiffs' rescission notice,

6. Order that, if Defendants fail to further respond lawfully to Plaintiffs' valid Rescission Notice, Plaintiffs have no duty to tender, but in the alternative, if tender is required, determine the amount of the tender obligation in light of Plaintiffs' claims, and order Defendants to accept tender on reasonable terms and over a reasonable period of time,

7. Enjoin Defendants during the pendency of this action, and permanently thereafter, from instituting, prosecuting, or maintaining a foreclosure proceeding on the Plaintiffs' Property, from recording any deeds or mortgages regarding the Property or from otherwise taking any steps to deprive Plaintiffs of ownership of the Property

8. Award Plaintiffs Statutory damages as provided by RESPA,

9.  Actual damages in an amount to be determined at trial,

10. Reasonable attorney fee and costs of suit,

11. For such other and further relief as the Court may deem just and proper.

Dated:  December _17_, 2009

## VERIFICATION

We, Daniel R. Marsh and Chris A. Marsh hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of our knowledge, information and belief.

By: ___Daniel R Marsh___
    Daniel R. Marsh
    429 N W 5th Terrace
    Cape Coral, Florida 33993
    Phone # (239) 823-2335

By: _____
    Chris A. Marsh
    429 N W 5th Terrace
    Cape Coral, Florida 33993
    Phone # (239) 823-2335

16



# ATTACHMENT(S)

# NOT

# SCANNED

___ . Exceeds scanner's page limits
___   Physical exhibit prevents scanning
X   Other:  Exhibits

# **PLEASE REFER TO COURT FILE**