UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

CASE NO. 2:09-cv-813-FTM-29DNF

CHRIS A. MARSH, an individual, and
DANIEL R. MARSH, an individual,

       Plaintiffs,

vs.

BAC HOME LOANS SERVICING, LP, a Texas Corp. and subsidiary of BANK OF AMERICA, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware Corp.; DRAPER AND KRAMER MORTGAGE CORP, a Delaware Corp.; and JOHN DOES 1-10,

       Defendants.
_____/

**DEFENDANTS BAC HOME LOANS SERVICING, LP AND MERS'
MOTION TO DISMISS THE COMPLAINT**

    Defendants, BAC HOME LOANS SERVICING, LP ("BAC") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") (BAC and MERS collectively referred to herein as "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b) and Local Rule 3.01, move to dismiss Plaintiffs, CHRIS A. MARSH and DANIEL R. MARSH'S ("Plaintiffs") Complaint, and as grounds, state as follows:

**I.    Introduction**

    Plaintiffs bring this action for alleged violations of TILA and RESPA in connection with a home mortgage refinance loan executed on July 26, 2007, in favor of MERS as assignee for

Draper and Kramer Mortgage Corp. ("DKM") in the amount of $166,460.00 ("Note"). The Note is secured by a mortgage on property located in Cape Coral, Florida ("Mortgage").

On or about December 17, 2009, Plaintiffs filed a three (3) count Complaint alleging the following purported causes of action: Count I - Rescission of Mortgage, based upon, the Truth-in-Lending Act ("TILA") 15 USC § 1601, *et seq.*, Count II - Damages under TILA, and Count III - Real Estate Settlement Practices Act ("RESPA") 12 USC § 2605.

Plaintiffs' Complaint, however, should be dismissed because Plaintiffs'claims for damages under TILA are barred by the one year statute of limitations, Plaintiffs' rescission claims are barred since Plaintiffs were given all material disclosures at the time the transaction was consummated, and therefore failed to rescind within the 3-day rescission period under TILA, and Defendants' complied with the mandates of RESPA.

## II. Argument

### A. Plaintiffs' Claims for Damages Are Barred by TILA's One-Year Statute of Limitations Period.

The purpose of TILA, 15 U.S.C. § 1601 *et. seq.*, is "to assure a meaningful disclosure[1] of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and to avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit car practices." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412, (1998) (quoting 15 U.S.C § 1601(a)). To achieve this purpose TILA requires "creditors to provide clear and accurate disclosures of terms dealing with things like finance charges,

---

[1]"In assessing whether a particular TILA disclosure is 'meaningful,' the law is well-established that it should be assessed objectively, i.e., from the standpoint of the reasonable consumer." *London v. Chase Manhattan Bank USA, N.A., et al.*, 150 F.Supp.2d 1314, 1325 (S.D. Fla. 2001). "Meaningful disclosure does not mean more disclosure. Rather, it describes a balance between 'competing considerations of complete disclosure. . .and the need to avoid . . .informational overload]." *Ford Motor Credit Company, et al. v. Millhollin*, 444 U.S. 555, 568, 100 S.Ct. 790 (1980).

annual percentage rates of interest, and the borrower's rights." *Id.,* citing §§ 1631, 1632, 1635, 1638. The creditor's failure to do so allows a borrower to recover "statutory and actual damages traceable to a lender's failure to make the requisite disclosures."*Id.* citing § 1640(e).

Pursuant to § 1640 (e), however, all TILA claims for damages must be brought "within one year from the date of the occurrence of the violation." *Velardo v. Fremont Investment & Loan*, 298 Fed.Appx. 890, 892, 2008 WL 4768850 (11th Cir. 2008) (quoting 15 U.S.C § 1640(e). "The violation 'occurs' when the transaction is consummated. *Id.* (citing *In re Smith* (*Smith v. American Fin. Sys., Inc.*), 737 F.2d 1549, 1552 (11th Cir. 1984)).

Here, it is undisputed that the loan transaction at issue was consummated on or about July 26, 2007. Plaintiffs' Complaint was filed on December 17, 2009. Thus, it is clear that Plaintiffs' TILA Claims for damages are time barred.

**B.      Plaintiffs' Claim for Rescission Is Negated by Plaintiffs' Actual Notice to Rescind.**

In addition to the borrower's right to damages, TILA "also authorizes a borrower whose loan is secured with his 'principal dwelling,' and who has been denied the requisite disclosures, to rescind the transaction entirely 'until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission form required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later." *Id.*, citing 15 U.S.C. 1635(a). Furthermore, Regulation Z treats the right of rescission as follows:

> The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all the consumer's interest in

> the property, or upon sale of the property, whichever occurs first. In the case of administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act.

12 C.F.R. § 226.23(a)(3) (1996); *Beach, et ux. v. Great Western Bank*, 692 So.2d 146 (Fla. 1997), *affirmed on appeal*, Beach v. Ocwen Federal Bank, 523 U.S. 410, 412, 118 S.Ct. 1408 (1998).

Once the right to rescind is exercised, a borrower 'is not liable for any finance or other charge, and any security interest given by him, including any such interest arising by operation of law, becomes void' upon rescission." *Beach v. Ocwen Federal Bank*, 523 U.S. 410, 412, 118 S.Ct. 1408 (1998); 15 U.S.C § 1635(b). As a result, "the lender can only collect on the loan principal and loses any security for the loan's collection." *Beach, et ux. v. Great Western Bank*, 692 So.2d 146 (Fla. 1997), *affirmed on appeal*, Beach v. Ocwen Federal Bank, 523 U.S. 410, 412, 118 S.Ct. 1408 (1998).

With respect to disclosure of the notice of the right to rescind, federal regulations require that borrowers be given notice of the right to rescind on a separate document that "clearly and conspicuously disclose[s]" *inter alia* the right to rescind the transaction and provide instructions as to how to exercise that right. *Contimortgage Corporation v. Delawder*, 2001 WL 884085, citing Section 226.23(b)(1), Title 12, C.F.R. Additionally, the borrower must be given two copies of the Notice. *Id.* Failure to comply with these requirements extends the 3-day right to rescind for up to three years. 226.23(a)(3), Title 12, C.F.R.

The facts in the present case are strikingly similar to those in the Ohio Supreme Court case of *Contimortgage Corporation v. Delawder*, 2001 WL 884085. At issue in *Dewalder*, was whether the Bank was liable to the borrowers under TILA for failure to provide two copies of the Notice of Right to Cancel to each borrower. The Ohio Supreme Court held that the Bank was not liable because "TILA does not require perfect notice, rather, it requires clear and conspicuous notice

of rescission rights." *Dewalder*, at 3, citing *Smith v. Highland Park,* 108 F.3d 1325, 1327 (11th Cir. 1997); *Veal v. Citibank, F.S.B.*, 85 F.3d 577 (11th Cir. 1996). The *Dewalder* Court reasoned that although the Bank "may have only provided [borrower] with one copy of the 'Notice of Right to Cancel between them in violation of Section 226.23(b)(1), Title 12, C.F.R., that notice nevertheless 'clearly and conspicuously' indicated that they possessed a right of rescission." *Id.*

In the present case, and although Plaintiffs allege in the Complaint that they each received one copy of the Notice of Right to Cancel, they state in Exhibit 2 to the Complaint that they received three (3) copies of the Notice of Right to Cancel. See Exhibit 2 to Complaint incorporated herein by reference. Under either scenario, Plaintiffs cannot allege that Defendants failed to 'clearly and conspicuously' indicate that they possessed a right of rescission. Accordingly, Plaintiffs fail to state a claim for rescission under TILA.

  C. **Plaintiffs Failed to State a Claim for Violation of RESPA 12 USC § 2605 (Count III - RESPA)**

In Count III, Plaintiffs allege that Defendants violated 12 USC § 2605(e) of RESPA. by 1) failing to make appropriate corrections to the Plaintiffs' account in response to the Qualified Written Request and valid Rescission Notice, 2) by failing to provide Plaintiffs with the information and documentation requested in the QWR, 3) by refusing to cease its collection efforts, and 4) for continuing to report the status of Plaintiffs' account to credit reporting agencies. See Pls' Compl., ¶¶'s 54-57. Plaintiffs' claims, however, are without merit.

With respect to allegations 1 and 2 above, Section 2605(e)(1)(A) requires a loan servicer to acknowledge receipt of a borrowers' QWR within twenty (20) days (excluding legal public holidays, Saturdays, and Sundays) of receipt of the QWR. Moreover, Section 2605(e)(2) requires a loan servicer to respond to the QWR within sixty (60) days of receipt of the QWR. 12

USC § 2605(e)(2). Here, Plaintiffs' purported QWR was sent to Defendants on or about September 1, 2009. See Exhibit 2 to Plaintiffs' Complaint incorporated herein by reference. Defendants acknowledged and responded to Plaintiffs' QWR on or about September 24, 2009. See Exhibit 3 to Plaintiffs' Complaint incorporated herein by reference. Thus, it is clear that Defendants complied with the both the twenty-day (20) statutory time period under 12 USC 2605(e)(1)(A) and within the sixty-day (60) time period required under 12 USC 2605(e)(2).

Moreover, Defendants' response to Plaintiffs' QWR was responsive to Plaintiffs' request. Section 2605(e)(1)(B) defines a QWR as "a written correspondence. . .that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a *statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error* or provides sufficient detail to the servicer regarding other information sought by the borrower." 12 USC § 2605 (e)(1)(B) (emphasis added). Section 2605(e)(2) requires a loan servicer responding to a QWR to correct the errors in the account, to the extent they exist; or to provide statement of reasons for which the servicer believes the account of the borrower is correct; or provide the borrower with a written explanation of clarification that includes information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer. 12 USC § 2605(e)(2).

Here, Plaintiffs' stated reason for their belief that the account was in error was that they received "only 3 copies of the Notice of the Right to Cancel and 1 copy of the Truth in Lending Disclosure Statement. . ." See Exhibit 2 to Plaintiffs' Complaint incorporated herein by reference. Defendants response stated that after having "carefully reviewed the information [Plaintiffs'] provided. . .[the Bank] has determined that [Plaintiffs'] inquiry does not appear to be specifically related to a servicing concern. . . ." See Exhibit 3 to Plaintiffs' Complaint incorporated herein by

reference. As the Bank correctly noted in its response to the QWR, there were no corrections to be made to the account, as Defendant is merely a loan servicer, not a loan originator, and thus, not responsible for providing Plaintiffs with the disclosures complained of.

Equally deficient is Plaintiffs' claim that Defendants violated RESPA by refusing to cease its collection efforts pursuant to 2605(e)(2). However, nothing in section 2605(e)(2) requires that collections efforts cease.

Plaintiff also alleges that Defendants violated RESPA by allegedly continuing to report the status of Plaintiffs' account to credit reporting agencies. Section 2605(e)(3) provides that "[d]uring the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency (as such term is defined under section 1681a of Title 15)." Plaintiff Complaint fails to allege that Defendants reported Plaintiffs' account as delinquent during this period, and specifically, during the period of time between September 1, 2009 (the date of Plaintiffs' QWR) and September 24, 2009 (Defendants response to the QWR). For the foregoing reasons, Plaintiffs have failed to state a claim for Defendants alleged violation of RESPA, and accordingly Count III of Plaintiffs' Complaint should be dismissed with prejudice.

## Conclusion

For all the foregoing reasons, Defendant BAC HOME LOANS SERVICING, L.P. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., respectfully request that this Court dismiss Plaintiffs' Complaint in its entirety for failure to state a cause of action and such further and other relief this Court deems just and proper.

**LIEBLER, GONZALEZ & PORTUONDO, P.A.**
Attorneys for BAC Home Loans and MERS
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400


By: *J. Randolph Liebler*
     J. RANDOLPH LIEBLER
     Florida Bar No. 507954
     JOSE-CARLOS VILLANUEVA
     Florida Bar No. 0034658


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of March, 2010, I electronically caused the foregoing document to be filed with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record in the manner specified via transmission of Notices of Electronic Filing generated by CM/ECF.

     /s/ *J. Randolph Liebler*
     J. RANDOLPH LIEBLER

Daniel R. Marsh
429 N.W. 5th Terrace
Cape Coral, Florida 33993
(239) 823-2335

Chris A. Marsh
429 N.W. 5th Terrace
Cape Coral, Florida 33993
(239) 823-2335